UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL ENRIQUE ALVAREZ LECHUGA (A-Number: 077-676-281),<br><br>Petitioner,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Respondent. | Case No. 1:26-cv-5414-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Angel Enrique Alvarez Lechuga, a citizen of Cuba, was ordered removed to Cuba by an immigration judge on February 19, 2015. Respondent re-detained petitioner on January 14, 2026, and seeks to remove him to Mexico. Petitioner has not consented to removal to Mexico and remains in custody.

Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, alleging that his detention is illegal under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) and 8 U.S.C. § 1231(a)(6) as his removal is not reasonably foreseeable. Respondent notes that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered release on an order of supervision." ECF No. 6 at 1. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

## Background

Petitioner, a citizen of Cuba, came to the United States on June 2, 2001, through a "visa lottery." ECF No. 1 at 8. His son was born in the United States in 2005 and is a veterinary student at the University of Iowa. *Id.* at 7. On February 19, 2015, an immigration judge ordered petitioner removed to Cuba. *Id.* at 5. Since then, ICE has re-detained petitioner with the intent to remove him. *Id.* at 7. ICE first detained him for 88 days, then released him under supervision. *Id.* ICE then re-detained petitioner on January 14, 2026. *Id.* at 5. He has remained in immigration custody since that date.

## Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## Analysis

Petitioner asserts that his removal is not reasonably foreseeable under 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), and thus his continued detention is no longer authorized by statute. ECF No. 1 at 7. Respondent notes that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered release on an order of supervision." ECF No. 6 at 1. Nonetheless, respondent argues that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1231(a), and that this detention is reasonable under *Zadvydas*. ECF No. 8 at 2-3.

Respondent concedes that it wishes to remove petitioner to Mexico, not to Cuba where he

has been ordered removed. ECF No. 6 at 1. It argues that it may continue to mandatorily detain petitioner so long as he "refuses to cooperate with his removal to Mexico." *Id.* at 2. As respondent recognizes, *see* ECF No. 6 at 1, this court has repeatedly rejected this position.[1] *See Torres Cruz v. Chestnut*, No. 1:26-cv-4690-DAD-SCR, 2026 WL 2057108 (E.D. Cal. July 16, 2026); *Fonseca Echarte v. Noem*, No. 1:26-cv-1321-DAD-CSK, 2026 WL 2058541, at *2 (E.D. Cal. July 16, 2026); *Eduardo V.M. v. Warden of Golden State Annex Ice Det. Facility*, No. 1:26-cv-0017-TLN-AC, 2026 WL 818052, at *7 (E.D. Cal. Mar. 25, 2026); *Ruiz-Acosta v. Cent. Valley Annex*, No. 1:26-cv-4371-DAD-JDP, 2026 WL 1846727, at *2-3 (E.D. Cal. June 26, 2026).

In *Zadvydas*, the Supreme Court considered prolonged immigration detention after a final order of removal. Although the government has statutory authority to detain noncitizens for removal, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699. The Supreme Court established a burden-shifting framework to determine whether continued immigration detention is lawful and adopted a presumption that immigration detention is reasonable for a period of up to six months, after the final order of removal, when the detention is related to effectuating removal. *Id.* at 701. After the first six months of detention, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Petitioner has been detained longer than the six-month presumptively reasonable period discussed in *Zadvydas* and has given the court good reason to believe that his removal to Cuba is not reasonably foreseeable. *See* ECF No. 1 at 7. Immigration authorities have previously detained petitioner and were not able to remove him to Cuba. *Id.* Respondent concedes that it intends to remove petitioner to Mexico and provides no evidence or argument that it ever sought travel documents for petitioner's removal to Cuba. *See* ECF No. 6.

---

[1] Indeed, in *Obando Vargas v. Blanche*, the court rejected the government's position as "frivolous" and found that the petitioner was "under no legal obligation" to cooperate with removal to Mexico. Case No. 1:26-cv-5343-DAD-AC, 2026 WL 2056618, at *2 (E.D. Cal. July 16, 2026).

In *Zadvydas*, the Court directed lower courts to "measure reasonableness . . . in terms of the statute's basic purpose, . . . assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699. I find that the evidence before me shows no significant likelihood of removal in the reasonably foreseeable future. Respondent's attempts to remove petitioner to Mexico, to which he does not consent to be removed, do not satisfy its burden under *Zadvydas*.

As there is no "significant likelihood that petitioner will be removed in the reasonably foreseeable future," his continued detention is unlawful. *See Aaron H.*, 2026 WL 139890, *2; *Hoac v. Becerra*, No. 2:25-cv-1740-DC-JDP, 2025 WL 1993771, at *4-5 (E.D. Cal. July 16, 2025); *Castillo Rivas v. Bondi*, No. 26-cv-0134-KKE, 2026 WL 295705, at *3 (W.D. Wash. Feb. 4, 2026) (holding that the petitioner was entitled to release under *Zadvydas* where the petitioner, a Venezuelan national, refused to be removed to Mexico). I recommend that petitioner be immediately released from immigration custody.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 077-676-281) from its custody subject to the previously-imposed conditions of release, if any.

3. Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless it obtains a travel document for his removal, if necessary, and follows all procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

4. The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

5. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

within seven days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 7, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE